UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

POST INVESTMENTS, LTD.,

      Plaintiff,

- against -      Index No.

TD TRADING, LLC,
TRADESTREAM ANALYTICS, LTD.,    **FIRST AMENDED**
TRADEDESK FINANCIAL GROUP, INC.,    **COMPLAINT**
DAVID SCHAMENS, *Individually and as Managing
Director of TradeStream Analytics, LTD.,* and PILANA
SCHAMENS, *Individually and as Managing Director of
TradeDesk Financial Group, Inc.,*

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

  Plaintiff, Post Investments, LTD., ("Plaintiff"), by and through its attorneys, Morrison-Tenenbaum, PLLC, as and for its Verified Complaint, alleges as follows:

## Nature of the Action

  1. Plaintiff brings this action on its own behalf against TD Trading, LLC, TradeStream Analytics, LTD., TradeDesk Financial Group, Inc., David Schamens, and Pilana Schamens for relief arising from Defendants' fraud, fraud in the inducement, breach of fiduciary duty, breach of contract, unjust enrichment, conversion, violation of the Investment Advisers Act of 1940, and alter ego arising from Defendants' (a) commission of fraud and self-dealing, (b) fraudulent misrepresentations, (c) deceitful conduct and (d) a scheme to cheat and defraud Plaintiff of $2,000,000 contributed to a pooled trading platform owned and managed by Defendants.

## Jurisdiction and Venue

  1. Plaintiff is, at all times herein mentioned, a limited company organized under the laws of Belize that conducts business in the State of New York.

1

2. Defendants routinely conduct business in the State of New York, County of New York.

3. Defendants' conduct injured Plaintiff in the State of New York, County of New York.

4. Subject matter jurisdiction for Plaintiff's federal claim arises under 28 U.S.C. § 1331, the federal question statute, 28 U.S.C. § 1367(a), the supplemental jurisdictional statute, and 7 U.S.C. § 25(c), the jurisdictional grant of a private right of action under the Commodities Exchange Act.

5. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**The Parties**

7. Plaintiff is a company engaged in asset management and securities trading with a principal place of business located in the State of New York, County of New York.

8. Upon information and belief, Defendant TD Trading, LLC, is an unregistered entity operating in the Cayman Islands, New York, New Jersey and South Carolina that provides trading platform services including knowhow, software, access to leverage, reporting on trading profits and losses and other facilities to enable participants to deposit funds into an investment pool and to trade stocks and options through its software.

9. Upon information and belief, Defendant David Schamens is the Managing Director of Defendant TradeDesk Financial Group, Inc., the Class A Managing Member of Defendant TD Trading, LLC.

10. Upon information and belief, Defendant TradeDesk Financial Group, Inc., is a United States-based asset manager with institutional and individual clients around the world who invest a minimum of $500,000 for the opportunity to achieve an investment return of approximately 6% per year.

11. According to the website of Defendant TradeStream Analytics, LTD., it is a software business offering trading solutions for financial institutions and broker-dealers.

12. Upon information and belief, Defendant David Schamens is the Managing Director of Defendant TradeStream Analytics, LTD.

13. Defendant David Schamens is listed as the registered agent for Defendant TradeDesk Financial Group, Inc., in New York State.

14. Upon information and belief, Defendants TradeStream Analytics, LTD., TradeDesk Financial Group, Inc., and TD Trading, LLC, share bank accounts, staff, back-office facilities and offices in Charlotte, North Carolina and New York, New York, as well as a data center and other facilities in New Jersey.

15. Upon information and belief, Defendant David Schamens formerly served as the principal of Carolina First Securities Group, Inc., a broker-dealer registered with the Securities and Exchange Commission.

16. Defendant David Schamens has been permanently barred by the U.S. Securities and Exchange Commission ("SEC") from association with any broker or dealer, municipal securities dealer, investment adviser or investment company.

## Facts Common to All Claims

### *Background*

17. Upon information and belief, Defendant TD Trading, LLC, was founded by Defendant David Schamens as a Cayman Island limited liability company for the purpose of accepting funds from third parties so that they could participate in a pooled offshore trading vehicle.

18. Defendant David Schamens, as the representative of Defendants TradeDesk Financial Group, Inc. and TD Trading, LLC, presented Plaintiff with the opportunity to deposit funds into Defendants' offshore trading platform; by combining its trading capital with others in the trading pool organized by Defendant David Schamens, Plaintiff was supposed to have received increased buying power (otherwise known as "leverage") to trade securities and a platform for making trades.

19. Plaintiff agreed to participate in Defendant David Schamens's offshore trading pool by executing the TD Trading Operating Agreement dated as of October 7, 2013 (the "LLC Agreement").

20. The LLC Agreement states in relevant part that the purpose of the company is "to own, manage and operate a securities trading business and to engage in any and all aspects of investment and trading activities."

21. On or around October 14, 2013, upon information and belief, Mr. Torsten Stix, as principal for Plaintiff, executed a Trade Services and Subscription Agreement (the "Subscription Agreement") establishing the terms and conditions pursuant to which Plaintiff would subscribe for membership interests in Defendant TD Trading, LLC.

22. The Subscription Agreement for TD Trading, LLC was provided to Mr. Stix by Defendant David Schamens.

23. On or around November 7, 2013, Defendant David Schamens instructed Plaintiff to wire $2,000,000 to accounts held at Bank of America in the United States owed by Defendant TradeDesk Financial Group, Inc.

24. Plaintiff wired the funds to the Bank of America account of Defendant TradeDesk Financial Group, Inc., as instructed by Defendant David Schamens.

25. Over the next five (5) months, Plaintiff, through its agents, attempted to trade the deposited fund but was never permitted by Defendants to trade the full amount of the deposited capital or to perform the type of trading that it desired.

26. Upon information and belief, Defendant Pilana Schamens, in her capacity as a beneficial owner of Defendant TD Trading, LLC, entered into a contract with a clearinghouse and took other actions for the purpose of enabling securities trading through Defendant TD Trading, LLC.

27. The offshore trading platform, provided by Defendant David Schamens, did not meet the Plaintiff's requirements, thus causing Plaintiff to seek to withdraw from the organization by redeeming its membership interest in exchange for the return of the trading capital it contributed to the pool.

28. In early April 2014, Plaintiff formally notified Defendant TD Trading, LLC, of its desire to sever ties with the platform and withdraw the funds it had deposited in the account of Defendant TradeDesk Financial Group, Inc.

29. On or about April 20, 2014, Plaintiff executed a Member Interest Redemption and Release Agreement (the "Redemption Agreement") provided by Defendant David Schamens in which Defendants agreed to relinquish $1,479,692 of the total deposited funds.

30. Plaintiff agreed to accept redemption of $1,479,6932 in two payments: one payment of $643,500 and a second payment of $836,192.

31. On April 24, 2014, Defendant David Schamens provided a copy of a Bank of America Funds Transfer Request Authorization in the amount of $640,000 as evidence that the first payment had been sent by wire transfer to Plaintiff.

32. The April 24, 2014 wire transfer was never received by Plaintiff.

33. On April 30, 2014, a person named "Lee Ann," who, on information and belief, is an employee of Defendant TradeStream Analytics, LTD., sent a second Bank of America Funds Transfer Request Authorization to Plaintiff by email indicating that $643,500 had been sent by wire transfer from the accounts of Defendant TD Trading, LLC, located in Charlotte, North Carolina to Plaintiff's specified account.

34. The April 30, 2014 wire transfer was never received by Plaintiff.

35. Upon information and belief, the wire transfer documents provided to Plaintiff by Defendant were fraudulent.

36. After Plaintiff did not receive the April 24 or April 30 wire transfers, Defendant David Schamens managed to avoid making the promised payments, all the while continuing to use Plaintiff's capital in the trading pool, contrary to Plaintiff's express instructions.

37. On or around May 29, 2014, Defendant David Schamens' legal counsel, Saul Finkelstein of Ellenoff, Grossman & Schole, LLP, sent Plaintiff an e-mail message promising that the funds will be "completely wired in tomorrow [May 30], and [Defendant] TD Trading, LLC, will have a SWIFT code confirmation for [Plaintiff] on Monday."

38. The May 30, 2014 payment was never received by Plaintiff.

39. On or around June 27, 2014, Plaintiff received a letter from Defendant TD Trading, LLC, formally acknowledging the redemption and committing to make the two payments of $643,500 and $836,192 by July 7, 2014 and July 21, 2014, respectively.

40. Defendants did not make either payment.

41. On or around August 1, 2014, Plaintiff engaged the law firm of Morrison-Tenenbaum, PLLC, and Plaintiff, through its attorneys, made a formal demand for payment.

42. On or around August 1, 2014, Defendant David Schamens wrote to Plaintiff in an e-mail that "there is no 'ponzi scheme,' though we certainly understand that the lack of funds not being returned as indicated would raise concerns."

43. None of the payments proposed by Defendant David Schamens in his August 1, 2014 correspondence was ever received.

44. Plaintiff has not been able to confirm the formation of Defendant TD Trading, LLC, in the Cayman Islands or in any other jurisdiction, and it appears that funds were placed in the Bank of America accounts of Defendant TradeStream Analytics, LTD.

45. Approximately one year following Defendant David Schamens's last direct correspondence with Plaintiff, on or around August 1, 2015, Defendant David Schamens admitted that the TD Trading, LLC, was never properly formed in the Cayman Islands and that it does not exist.

46. Defendant David Schamens was acting in his individual capacity without the limitation of liability afforded by a properly formed limited liability company when he induced Plaintiff to participate in Defendants' trading platform, when he provided Plaintiff with an operating agreement for TD Trading, LLC, a company that was never formed, when he provided Plaintiff with a redemption agreement for the purpose of redeeming interests in an entity Defendant

7

David Schemens knew was never properly formed in the Cayman Islands, and when he represented that TD Trading, LLC, was entering into contracts for, and on behalf of, the participants in the trading pool he operated.

47. Upon information and belief, Defendants David Schamens and Pilana Schamens failed to maintain adequate corporate records with regard to their operation of Defendant TD Trading, LLC.

48. Upon information and belief, Defendant David Schamens actively provides services as an investment advisor and broker-dealer without having the necessary licenses and in contravention of his settlement agreement with the SEC.

## First Cause of Action

## Fraud/Fraudulent Inducement

49. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

50. In order to cause Plaintiff to contribute funds to Defendant TD Trading, LLC, Defendants represented to Plaintiff, among other things, that:

(a) Defendant TD Trading, LLC, was formed in the Cayman Islands to accept funds from multiple investors for an offshore trading pool designed to give all the members leverage and facilities for trading securities;

(b) By entering into the Subscription Agreement and the LLC Agreement, Plaintiff would be entitled to trade the type of securities it desired to trade through the trading pool;

(c) By entering into the Subscription Agreement and the LLC Agreement, Plaintiffs would become a member of a entity formed in the Cayman Islands, and that Defendant

TD Trading, LLC, and Defendant David Schamens as its Managing Director, would perform their obligations according to the terms of those agreements; and

        (d)    The trading capital that Plaintiff deposited with Defendants would be used solely for the purpose of providing access to the trade platform and leverage for his trading activities in the trading pool.

51.    Upon information and belief, instead of using the capital provided by Plaintiff to support Plaintiff's trading activities and provide leverage, Defendants David Schamens and Pilana Schamens diverted funds to themselves, Defendant TradeStream Analytics, LTD., Defendant TradeDesk Financial Group, Inc., and other companies under their direction and control.

52.    The representations made by Defendant David Schamens were false when made and were known by him to be false at the time they were made with the intent that Plaintiff rely thereon.

53.    Plaintiff did in fact rely upon these representations to its detriment and damage as evidenced by the $2,000,000 Defendants received and refused to return, despite their promises and agreements.

54.    As a direct and proximate result of the misrepresentations of Defendants, Plaintiff has suffered losses exceeding $2,000,000.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the first cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeStream Analytics, LTD.; TradeDesk Financial Group, Inc.; David Schamens and Pilana Schamens, jointly and severally as follows: (a) judgment in the sum of $2,000,000, together with interest thereon; (b) for compensatory and punitive damages; (c)

attorneys' fees and costs; and (d) for such other and further relief as this Court may deem equitable and just.

## Second Cause of Action

### Breach of Contract

55. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

56. Pursuant to the terms of the LLC Agreement, Plaintiff had the right to redeem its membership interest in exchange for the funds it contributed.

57. Pursuant to the terms of the Release Agreement signed by Plaintiff and by Defendant David Schamens on behalf of Defendant TD Trading, LLC, agreed to return $1,479,692 of the Plaintiff's trading capital in two tranches.

58. Notwithstanding Defendants' obligations under the LLC Agreement and the Redemption Agreement, as of the date of this Summons and Complaint, the Defendants have failed to make any redemption payments to Plaintiff.

59. The actions of Defendants as described herein constitute material breaches of the LLC Agreement and the Redemption Agreement, and Plaintiff has sustained substantial damages as a result thereof.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the second cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeStream Analytics, LTD.; TradeDesk Financial Group, Inc.; David Schamens and Pilana Schamens, jointly and severally, as follows: (a) judgment in the sum of $2,000,000, together with interest thereon; (b) for compensatory and punitive damages; (c) for

attorneys' fees and costs; and (d) for such other and further relief as this Court may deem equitable and just.

### Third Cause of Action

### Breach of Fiduciary Duty

60. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

61. At all times material hereto, Defendant David Schamens was the Managing Director, President and/or founder of Defendant TD Trading, LLC.

62. While Plaintiff was a member of TD Trading, LLC, Defendants David Schamens and Pilana Schamens transferred assets from Defendant TD Trading, LLC, to themselves personally, as well as to other companies and persons associated with them, leaving the company insufficiently capitalized to pay Plaintiff and TD Trading, LLC's, foreseeable liabilities.

63. Despite executing the Redemption Agreements and pledging to return Plaintiff's money, Defendants David Schamens and Pilana Schamens have continued to use Plaintiff's trading capital for their own benefit.

64. As a result of the breach of fiduciary duty by Defendants, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the third cause of action of this complaint against Defendants David Schamens and Pilana Schamens, jointly and severally as follows: (a) ordering the return of $2,000,000 deposited by Plaintiff for use in the TD Trading, LLC, investment pool; (b) for an accounting of all monies deposited and/or withdrawn or expended from bank accounts of Defendants at Bank of America and other financial institutions where Defendants, and companies owned and/or controlled by them; (c) for compensatory and

punitive damages; (d) or attorneys' fees and costs; and (e) for such other and further relief as this Court may deem equitable and just.

## Fourth Cause of Action

### Breach of Implied Duty of Good Faith and Fair Dealing

65. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

66. At all times material hereto, Plaintiff was a member of TD Trading, LLC, and Defendant David Schamens owed Plaintiff a duty to act fairly and in good faith.

67. Defendants have engaged in a bad faith scheme to impermissibly misappropriate the capital deposited by Plaintiff for its use in the trading pool.

68. Furthermore Defendant David Schamens has breached his duty to act in good faith and to deal fairly with Plaintiff by causing falsified wire transfer documents to be provided to Plaintiff.

69. Plaintiff has suffered substantial damages as a direct and proximate result of Defendants' breach of their duties to Plaintiff.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the fourth cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeDesk Financial, Inc., its Managing Member, and David and Pilana Schamens, jointly and severally as follows: (a) enjoining them from continuing to transfer and spend the funds wrongfully held by them; (b) for compensatory and punitive damages; (c) for attorneys' fees and costs; and (d) for such other and further relief as this Court may deem equitable and just.

## Fifth Cause of Action

### Conversion

70. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

71. By the conduct alleged herein, Defendants have converted and continue to convert Plaintiff's property to their own use and benefit without the authority to do so.

72. Defendants' conversion of Plaintiff's property has been knowing, intentional, wanton, willful and an outrageous violation of Plaintiff's rights.

73. As a proximate result of Defendants conversion of Plaintiff's property, Plaintiff has suffered substantial damages.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the fifth cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeStream Analytics, LTD.; TradeDesk Financial Group, Inc.; David Schamens and Pilana Schamens, jointly and severally as follows: (a) ordering that the checking and savings accounts of Defendants be temporarily frozen; (b) for an accounting of all monies deposited and/or withdrawn or expended from banking or checking accounts of Defendants; (c) for compensatory and punitive damages; (d) or attorneys' fees and costs; and (e) for such other and further relief as this Court may deem equitable and just.

## Sixth Cause of Action

### Unjust Enrichment

74. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

75. By the conduct alleged herein, Defendants have been and continue to be unjustly enriched at the expense of Plaintiff.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the sixth cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeStream Analytics, LTD.; TradeDesk Financial Group, Inc.; David Schamens and Pilana Schamens, jointly and severally as follows: (a) directing Defendants to restore Plaintiff with $2,000,000; (b) for compensatory and punitive damages; (c) for attorneys' fees and costs; and (d) for such other and further relief as this Court may deem equitable and just.

## Seventh Cause of Action

### Fraudulent Conveyance

76. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

77. Defendants have made fraudulent transfers of capital held for the benefit of Plaintiff to transferees without fair consideration and with the intent to defraud Plaintiff of the value of his contribution.

78. David Schamens and Pilana Schamens initiated the fraudulent transfers, and TradeStream Analytics, LTD., and TradeDesk Financial Group, Inc., received and accepted the fraudulent transfers with knowledge thereof.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the seventh cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeStream Analytics, LTD.; TradeDesk Financial Group, Inc.; David Schamens and Pilana Schamens, jointly and severally as follows: (a) a determination that the transfers described herein were fraudulent as to the Plaintiff, that the same be vacated and set aside,

and that all of the funds and assets transferred be restored to Plaintiff; (b) compensatory and punitive damages; (c) attorneys' fees and costs; and (d) for such other and further relief as this Court may deem equitable and just.

## Eighth Cause of Action

### Constructive Trust

79. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

80. At all relevant times, the Plaintiff was lawfully entitled to the redemption of the funds he contributed to Defendant TD Trading, LLC, and is the lawful owner of the funds that constituted as fraudulent transfers amongst Defendants and any other third parties.

81. By virtue of the foregoing, a trust should be impressed upon Defendants in a sum equal to the value of assets and funds fraudulently transferred.

82. Plaintiff has made no demand upon the Defendants to initiate action to impress a constructive trust on the funds so transferred to Defendants because of the reasons afore stated that any such demand would be futile.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the eighth cause of action of this complaint against Defendants TD Trading, LLC, and its predecessors and successors in interest; TradeStream Analytics, LTD.; TradeDesk Financial Group, Inc.; David Schamens and Pilana Schamens, jointly and severally as follows: (a) granting preliminary and final injunctions against Defendants restraining Defendants from dissipating any assets of TD Trading, LLC, TradeStream Analytics, LTD., and TradeDesk Financial Group, Inc.; (b) ordering an accounting of the books and records of TD Trading, LLC, TradeStream Analytics, LTD., and TradeDesk Financial Group, Inc., including, but not limited to, all revenue, commissions, profits

or any other financial gain attributable to Defendants' unlawful acts as alleged herein; (c) for compensatory and punitive damages; (d) for attorneys' fees and costs; and (e) for such other relief as this Court may deem equitable and just.

<h3 style="text-align:center"><u>Ninth Cause of Action</u></h3>

**Commodity Pool Fraud in Violation of 22(A) of the Commodity Exchange Act, 7 U.S.C. §6o, 7 U.S.C. §25(A)(1)(A)**

83. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

84. Section 22(a) of the CEA establishes a private right of action for violations of the CEA.

85. Defendant TD Trading, LLC, was founded by Defendant David Schamens to accept funds from participants in an offshore trading pool designed to give all the members leverage and facilities for trading securities, including without limitation futures contracts, swaps and options.

86. By entering into the Subscription Agreement and the LLC Agreement, Plaintiff was permitted to participate in Defendant David Schamens trading pool.

87. During the relevant period, Defendant David Schamens acted as a Commodity Pool Operator in that he engaged and continued to engage in a business that is in the nature of an investment trust, syndicate, or similar form of enterprise, and in connection therewith have solicited, accepted, or received from Plaintiff funds, securities, or property, either directly or through capital contributions, the sale of stock or other forms of securities, or otherwise, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility.

88. During the relevant period, the Defendants held themselves out to be operating as Commodity Trading Advisors and Defendant David Schamens operated as associated persons

and/or principals of these Commodity Trading Advisors in that they, for compensation or profit, engaged in the business of advising commodity pools which include Plaintiff's funds as to the value or advisability of trading in any contract of sale of a commodity for future delivery made or to be made on or subject to the rules of a contract market or derivatives transaction execution facility.

89. Defendant David Schamens during the relevant period has been acting as a Commodity Pool Operator without being registered with the National Futures Association as a "Principal Approved" of TD Trading, LLC, which on information and belief, is also unregistered.

90. From at least 2013 through the present, as a result of the conduct alleged herein, Defendant David Schamens, by the use of the means and instrumentalities of interstate commerce and of the mails, directly or indirectly, knowingly or recklessly has employed schemes and artifices to defraud his clients and prospective clients, and has engaged in transactions, practices and courses of business which operate as a fraud or deceit upon his clients.

91. Plaintiff's funds were directly or indirectly invested in Defendant TD Trading, LLC, which Defendants traded in or held themselves out to be trading in a pooled offshore trading vehicle

92. During the relevant period, the Defendants, with acting as Commodity Trading Advisors and Commodity Pool Operators, and Defendants David Schamens and Pilana Schamens, while acting as associated persons and/or principals of these Commodity Trading Advisors and Commodity Pool Operators, by use of mails or any means or instrumentality of interstate commerce, directly or indirectly, such as (i) through communicated account statements, investment memoranda, policy, contract, correspondence, etc., from Defendants' facilities located in New York to Plaintiff's principal place of business in New York, (ii) through communicating

information, documents, etc., between and among their facilities in New York and the offshore trading platform operating in the Cayman Islands, New York, New Jersey and South Carolina; and (iii) through communicating information, documents, etc., from their facilities located in New York between to the offshore trading platform operating in the Cayman Islands, employed a device, scheme or artifice to defraud Plaintiff, or engage in transaction, practices, or a course of business which operated as fraud or deceit upon Plaintiff.

93. Defendants cheated or defrauded, or attempted to cheat or defraud, and willfully deceived or attempted to deceive Plaintiff by, and among other things: (a) misappropriating pool Plaintiff's funds; and (b) omitting material information including that (i) Defendant David Schamens was misappropriating funds; (ii) the trading platform operated by Defendant David Schamens did not have the capabilities he represented were to be made available; and (iii) Schamens was barred from participating in the securities industry.

94. Defendant David Schamens engaged in the acts and practices described above willfully, knowingly or with reckless disregard for the truth.

95. Plaintiff did in fact rely upon these representations to its detriment and damage as evidenced by the $2,000,000 Defendants received for use in the pool, and refused to return, despite their promises and agreements.

96. As a direct and proximate result of the misrepresentations of Defendants, Plaintiff has suffered losses exceeding $2,000,000.

97. Each misappropriation, misrepresentation or omission of material fact, and, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of the CEA.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the ninth cause of action of this complaint against Defendants TD Trading, LLC, TradeDesk Financial Group, Inc., its Managing Member, Pilana Schamens and David Schamens (a) ordering disgorgement of all ill-gotten gains based upon Defendant David Schamens' conduct alleged herein, together with prejudgment interest; (b) ordering Defendant David Schamens to pay civil fines and/or penalties; (c) for compensatory and punitive damages; (d) for attorneys' fees and costs; and (e) for such other relief as this Court may deem equitable and just.

### Tenth Cause of Action

### Alter Ego

98. Plaintiff repeats and incorporates the preceding allegations of the Complaint as if the same were set forth herein verbatim and at length.

99. Defendant TD Trading, LLC, was, and is, a mere sham and shell organized and operated as the alter ego of the individual defendants for their personal benefit and advantage, in that individual defendants have at all relevant times exercised total dominion and control over Defendant TD Trading, LLC, and TradeDesk Financial Group, Inc.

100. Defendant TD Trading, LLC was never properly formed;

101. Plaintiff was informed and believed and alleges on information and belief that the Defendants David Schamens and Pilana Schamens were the only officers and directors of Defendants TD Trading, LLC, and TradeDesk Financial Group, Inc.

102. Defendants David Schamens and Pilana Schamens have diverted all of Plaintiff's money to themselves, Defendant TradeStream Analytics, LTD., Defendant TradeDesk Financial Group, Inc., and other companies under their direction and control.

103. Defendants David Schamens and Pilana Schamens and Defendants TradeStream Analytics, LTD., TradeDesk Financial Group, Inc., and TD Trading, LLC, have so intermingled their personal and financial affairs that the Defendants TradeStream Analytics, LTD., TradeDesk Financial Group, Inc., and TD Trading, LLC, were and are, the alter ego of Defendants David Schamens and Pilana Schamens.

**WHEREFORE**, Plaintiff, Post Investment, LTD., demands judgement on the tenth cause of action of this complaint against Defendants David Schamens and Pilana Schamens jointly and severally as follows: (a) finding that Defendants David Schamens and Pilana Schamens are personally liable to the Plaintiff for all causes of action alleged; (b) granting preliminary and final injunctions against Defendants restraining Defendants from dissipating any assets of TD Trading, LLC; TradeStream Analytics, LTD.; and TradeDesk Financial Group, Inc.; (c) for compensatory and punitive damages; (d) for attorneys' fees and costs; and (e) for such other relief as this Court may deem equitable and just.

Dated: October 21, 2016
      New York, New York

                                     MORRISON-TENENBAUM, PLLC
                                     *Attorney for Plaintiff*

                                     By: /s/ Lawrence F. Morrison
                                        Lawrence F. Morrison
                                        87 Walker Street, Second Fl.
                                        New York, New York 10013
                                        (212) 620-0938