UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POST INVESTMENTS, LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>TD TRADING, LLC, TRADESTREAM ANALYTICS, LTD., TRADEDESK FINANCIAL GROUP, INC., DAVID SCHAMENS, *Individually and as Managing Director of TradeStream Analytics, LTD.*, and PILANA SCHAMENS, *Individually and as Managing Director of TradeDesk Financial Group, Inc.*,<br><br>        Defendants. | Case No. 1:16-cv-01074-PAE |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

JARDIM, MEISNER & SUSSER, P.C.
30B Vreeland Road, Suite 201
Florham Park, NJ 07932
Tel. (973) 845-7640
Fax (973) 845-7645
Attorneys for defendants

Of counsel and on the brief,
Richard S. Meisner
Dennis F. Gleason

1

## PRELIMINARY STATEMENT

The federal claim in this action should be dismissed for failure to state a claim, and the remaining causes of action dismissed for lack of subject matter jurisdiction.

In the amended complaint, defendants TD Trading, LLC, TradeStream Analytics, Ltd., TradeDesk Financial Group, Inc., David Schamens and Pilana Schamens are accused of violating the Commodity Exchange Act ("CEA"), which is the only basis for federal jurisdiction. As noted in their opening brief, defendants highlighted, among other things, a lack of sufficient factual pleading in the amended complaint to support the allegations. Nowhere in its response does plaintiff Post Investments, Ltd. ("Post"), point to the necessary particulars of the purported commodities traded or the commodities for which defendants allegedly provided trading advice. Rather, Post, in conclusory form, bundles all the defendants together and calls them commodity pool operators and commodity advisors. The lack of sufficient factual matter does not pass muster under pleading requirements. Consequently, the CEA claim should be dismissed and the balance of the complaint dismissed because Post does not challenge a lack of subject matter jurisdiction over the remaining claims.

## ARGUMENT

### POINT I

### PLAINTIFF HAS NOT SHOWN WHY THE CEA APPLIES HERE

Plaintiff's amended complaint fails to state why the CEA applies here, as opposed to only the common law, for example. Plaintiff's amended complaint and responsive memorandum of law do not contain discussion of any commodity, do not describe the structure or nature of the pool as it might relate to commodities, and generally provide no details that would plausibly support the conclusion that there is federal jurisdiction under the CEA. Specifically with regard to the CEA, no names are mentioned, no dates are mentioned, no actual advice is referenced, no

description of how the advice was communicated and by whom, and no particular type of commodity is mentioned.

Plaintiff first contends that defendants are "misguided" for emphasizing that the complaint applies the statutory language verbatim, and points to two cases where the Court dismissed CEA claims because the complaints did not use the exact term "commodity pool operator." (Mem. Of Law In Opposition, at ¶¶ 15-16.) The issue is not that plaintiff employs the statutory language; the real issue, which plaintiff does not address, is that it employs the statutory language exclusively, without providing factual details. Even in the two cases plaintiff cites, the complaints provided more details than plaintiff provides here. Nilsen v. Prudential-Bache Secs., 761 F. Supp. 279, 283 (S.D.N.Y. 1991) (describing the various commodities traded and the exchanges on which the transactions occurred, as well as each individual involved);[1] Markowitz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 579 F. Supp. 124, 125 (S.D.N.Y. 1984) (describing that the trades were for silver futures). Crucially, plaintiff's complaint is devoid of any allegation that the purpose of the pooled funds was to trade in commodity interests specifically. See 7 U.S.C. § 1a(11) (defining "commodity pool operator" as one who pools funds "for the purpose of trading in commodity interests"). The complaint is similarly devoid of allegations that the parties used the pooled funds to trade in commodities. Nowhere has the plaintiff identified a single commodity trade that was made or even proposed to be made.

Likewise, plaintiff relies exclusively on the statutory language for "commodity trading advisor" without further elaboration. Plaintiff now argues that it established David Schamens as

---

[1] In Nilsen, the Court also stated that a commodity pool operator is essentially "one who manages an investment fund, similar to a mutual fund, in which the assets of several investors are invested together with gains or losses shared pro rata by the participants." Nilsen, 761 F. Supp. at 292 (citing Lopez v. Dean Witter Reynolds, Inc., 805 F.2d 880, 884 (9th Cir. 1986)). Plaintiff does not even provide the details of the structure of the pool such as how or whether the gains and losses of the pool were allocated among its participants.

a "commodity trading advisor" because the complaint states that he provided "an opportunity to 'combine trading capital with others, in order to receive increased buying power to trade securities and a platform for making trades.'" (Mem. Of Law In Opposition, at ¶¶ 20-21 (quoting Am. Compl., at ¶ 18).)  Plaintiff presents a non-sequitur, as the allegation plaintiff quotes has no relation to advice or advisability of trades.  Nowhere has the plaintiff identified any advice that was given relative to commodities.  Plaintiff's misdirection is explainable only because there are no other allegations in the complaint that factually outline the substance of how or why this case relates to commodities in particular.

Plaintiff next contends that it has standing under either 7 U.S.C. § 25(a)(1)(B) or § 25(a)(1)(C), because it invested in the pool, which would give plaintiff a "direct interest in the resulting profits or losses" of the trading pool.[2]  (Mem. Of Law In Opposition, at ¶ 27.)  Regardless of which provision plaintiff relies on, "[t]he common thread of these four subdivisions [of § 25(a)(1)] is that they limit claims to those of a plaintiff who actually traded in the commodities market."  Loginovskaya v. Batratchenko, 764 F.3d 266, 272 (2d Cir. 2014) (quoting Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 259 (2d Cir. 2006)).  Here, there is no allegation that any party actually traded in commodities.

Plaintiff also asserts it has standing because David Schamens "by his own admission" provided trading advice. (Mem. Of Law In Opposition, at ¶ 29.)  Besides the fact that the document plaintiff uses to support this argument cannot be considered on a motion to dismiss, Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) ("Generally, [courts] do not look beyond 'facts stated on

---

[2] Plaintiff confusingly, and for the first time, states that it "invokes the second and third of the four enumerated relationships as the basis of their [sic] standing" under 7 U.S.C. § 25(a)(1)(A)-(D). (Mem. Of Law In Opposition, at ¶ 24.)  The second and third relationships are found in § 25(a)(1)(B) and § 25(a)(1)(C).  Six paragraphs later in its memorandum of law, however, and in its complaint, plaintiff grounds its standing on § 25(a)(1)(A), which relates to "trading advice."  Conversely, § 25(a)(1)(B) and (C) require that there be an order or contract for commodities.  Regardless, plaintiff has failed to identify any such contract or order or advice under § 25(a)(1)(A), (B), or (C).

the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken,'" (quoting Concord Assocs., L.P. v. Entm't Props. Trust, 817 F.3d 46, 51 n.2 (2d Cir. 2016))), the document itself does not show that David Schamens provided trading advice.[3]  Again, there are no non-conclusory allegations in the complaint that a defendant provided specific advice as to whether plaintiff should trade a particular commodity.

Lastly, plaintiff fails to understand that the CEA claim itself must be pled with particularity because a CEA claim is an action sounding in fraud.  In response to defendants' motion to dismiss, plaintiff cites to portions of the complaint relating to a lack of payment.  (Mem. Of Law In Opposition, at ¶ 37 (citing Am. Compl. ¶¶ 29-31).)  While these allegations might make out a claim for common law fraud, they do not mention commodities, especially not with particularity. Without sufficient allegations of commodities fraud, there is no federal jurisdiction to sustain an action in this Court under the laws of the United States.

At best, plaintiff's complaint states in relation to fraud under the CEA that "Defendant TD Trading, LLC, was founded by Defendant David Schamens to accept funds from participants in an offshore trading pool designed to give all the members leverage and facilities for trading securities, including without limitation futures contracts, swaps and options."  (Am Compl., at ¶

---

[3] The purported email in Exhibit A does not fall within one of the exceptions that would permit it to be used on a motion to dismiss. An email such as this is not subject to judicial notice, see Fed. R. Evid. 201, the email is not attached to the First Amended Complaint, (ECF No. 23), nor are there any incorporating references to it in the complaint. Neither is the email "integral" to the complaint because the complaint does not "rel[y] heavily upon its terms and effect." Goel, 820 F.3d at 559 (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). The only reference to this email is a short quotation in paragraph 42 of the First Amended Complaint, which is insufficient because "offering 'limited quotation[s]' from the document is not enough." Id. (quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006)).

85.)[4]  Plaintiff does not explain who gave plaintiff that impression, what words that person used to make plaintiff feel that the pool was created for "futures contracts, swaps and options," nor does plaintiff provide the time or place of when these hypothetical statements were made.  See DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (requiring a plaintiff to plead the "time, place, speaker and content of the alleged misrepresentations").  The complaint also fails to mention with particularity which "futures contracts, swaps and options" were involved or anticipated, which is problematic because all futures contracts, swaps and options do not necessarily fall under the CEA.[5]  Plaintiff was not even able to consistently identify which defendant perpetrated the alleged fraud in relation to commodities.

For plaintiff to establish liability under the CEA fraud provision, it needed to have plead that a person made statements tying the pool to commodities, plaintiff needed to identify the person who made the statements, and plaintiff needed to specify the time, place, and manner of the communications.  In other words, plaintiff failed to state with particularity how it was defrauded in relation to commodities under the CEA.

---

[4]  This allegation is at variance with plaintiff's allegation in paragraph 2 of the Amended Complaint that TD Trading LLC "provides platform services . . . to enable participants to deposit funds into an investment pool and to trade *stocks*, and options through its software."
[5]  Common examples that would not fall under the CEA include stock options, or stock index futures such as the pre-market Dow Jones "futures."

## CONCLUSION

For all of the reasons stated more fully above, the Court should (1) dismiss the ninth count of the First Amended Complaint for failure to state a claim, and (2) dismiss the remaining counts for lack of subject-matter jurisdiction.  In the event the Court does not dismiss the ninth count, the Court should either dismiss the remaining claims as preempted, or dismiss the first, fourth, fifth, sixth, and eighth counts.[6]

|  |  |
|---|---|
| December 9, 2016 | s/ Richard S. Meisner<br>RICHARD S. MEISNER<br><br>JARDIM, MEISNER & SUSSER, P.C.<br>30B Vreeland Road, Suite 201<br>Florham Park, NJ 07932<br>Tel.  (973) 845-7640<br>Fax  (973) 845-7645<br>Attorneys for defendants |

---

[6] Using an inappropriate exhibit, see supra, at n. 3, to claim that "important facts and information continue to be revealed," plaintiff asks to replead its claims if they are found lacking. (Mem. Of Law In Opposition, at ¶ 74.)  The exhibit on which plaintiff relies does not evidence continued revelations considering plaintiff quoted that document in its original complaint. (Ver. Compl., at ¶ 42.)  More importantly, the Court has already ordered that no further amendments to the complaint be made.  (ECF No. 16.)  If plaintiff seeks leave of Court to amend its complaint in contravention of that order, it should make a motion to that effect.